FILED

2012 SEP 25  PM 5: 14

U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JU-HUI CHENG,

                Plaintiff,

      v.

JOSEPH CHASKIN, et al.,

                Defendants.

Case No. CV 12-7680-UA (DUTYx)

ORDER REMANDING CASE TO
SUPERIOR COURT OF CALIFORNIA

On July 10, 2012, Plaintiff Ju-Hui Cheng filed an unlawful detainer action against Defendant Joseph Chaskin in Los Angeles County Superior Court. Plaintiff asserts a single claim for unlawful detainer pursuant to Cal. Code Civ. Pro. § 1161(2).

On September 7, 2012, Defendant Joseph Chaskin filed a Notice of Removal to this Court. Defendant alleges jurisdiction pursuant to 28 U.S.C. § 1443(1). The Notice of Removal states that the Complaint presents a federal question such that the case could have originally been filed in this Court. (Notice of Removal at 2-3.)

When a notice of removal is filed, the court must examine it "promptly," and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. §

1  1446(c)(4). For the reasons given below, the Court has determined that the case must be
2  remanded to state court.

3       Federal courts are courts of limited jurisdiction, and a "federal court is presumed to
4  lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock W.,
5  Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). Courts
6  "strictly construe the removal statute against removal jurisdiction," and "the defendant
7  always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d
8  564, 566 (9th Cir. 1992). Furthermore, "jurisdiction must be rejected if there is any doubt as
9  to the right of removal in the first instance." Id. Removal is proper only if the court could
10  have exercised jurisdiction over the action had it originally been filed in federal court.
11  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The "presence or absence of
12  federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides
13  that federal jurisdiction exists only when a federal question is presented on the face of the
14  plaintiff's properly pleaded complaint." Id. A federal question exists only when it is
15  presented by what is or should have been alleged in the complaint. See Holmes Group,
16  Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 n. 2 (2002). The implication of
17  a federal question through issues raised by an answer or counterclaim does not suffice to
18  establish federal question jurisdiction. Id. at 831.

19       Defendant indicates on his civil cover sheet that he removed this action based on
20  diversity of citizenship. (Civil Cover Sheet at 1.) However, Defendant also acknowledges
21  that both he and Plaintiff are citizens of this State. (Id.) Moreover, the complaint was filed
22  in state court as a limited civil case, with an amount at issue of less than $10,000
23  (Complaint at 1), far less than the minimum of $75,000 for diversity cases. Thus, there is
24  no diversity jurisdiction.

25

26

27

28                                            2

1    Defendant also asserts subject matter jurisdiction under 28 U.S.C. § 1443(1) on the

2    basis that his eviction would violate due process and equal protection.[1] (Notice of Removal

3    at 2, 4.)  This assertion is without merit because Defendant cannot create federal subject

4    matter jurisdiction by adding claims or defenses to a notice of removal. McAtee v. Capital

5    One, F.S.B., 479 F.3d 1143, 1145 (9th Cir. 2007).  Rather, the propriety of removal is

6    determined solely on the basis of the pleadings filed in state court, and the focus is on "the

7    complaint at the time the removal was filed." Libhart v. Santa Monica Dairy Co., 592 F.2d

8    1062, 1065 (9th Cir. 1979); see also California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d

9    831, 838 (9th Cir. 2004) (the federal question "must be disclosed upon the face of the

10   complaint, unaided by the answer or by the petition for removal").

11   Case law unequivocally establishes that a state law claim for unlawful detainer does

12   not present a federal question. See, e.g., MFC Twin Builders, LLC v. Fajardo, 2012 WL

13   3862399, at *4 (E.D. Cal. Sep. 5, 2012); U.S. Bank Nat'l Ass'n v. Tyler, 2010 WL 4918790,

14   at *2 (N.D. Cal. Nov.12, 2010); OneWest Bank FSB v. Ignacio, 2010 WL 2696702, at *2

15   (E.D. Cal. July 6, 2010); IndyMac Fed. Bank, F.S.B. v. Ocampo, 2010 WL 234828, at *2

16   (C.D. Cal. Jan. 13, 2010); HSBC Bank, N.A. v. Bryant, 2009 WL 3787195, at *3 (S.D. Cal.

---

19   [1] Section 1443 provides for removal of any case "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1).  This provision is most frequently relied upon in criminal cases in which a defendant can establish that he cannot receive a fair trial in state court.  To remove a case under § 1443(1), a criminal defendant must "satisfy a two-pronged test." Johnson v. Mississippi, 421 U.S. 213, 219 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality." Id. (internal quotation marks omitted).  "Second, it must appear, in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of (the) State." Id. (same).  This prong "requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case," or that there be some "equivalent basis . . . for an equally firm prediction that the defendant would be denied or cannot enforce the specified federal rights in the state court." Id. (internal quotations, citation omitted).  "Except in the unusual case . . . it [is] to be expected that the protection of federal constitutional or statutory rights c[an] be effected in the pending state proceedings, civil or criminal." Id.

28                                                           3

Nov. 10, 2009).  The Complaint sets forth a single unlawful detainer claim.  This is purely a state law claim and there is no federal question jurisdiction.

**ORDER**

IT IS HEREBY ORDERED that this case be remanded to the Los Angeles County Superior Court.

IT IS SO ORDERED.

DATED: ___9/21/12___

_____
GEORGE H. KING
UNITED STATES DISTRICT JUDGE